THE NATIONAL CITY BANK OF NEW YORK, Respondent, v. PARTOLA MANUFACTURING COMPANY, Appellant.

First Department, April 9, 1920.

**Pleadings — money had and received — complaint not stating cause of action — judgment on pleadings.**

A complaint which merely shows that the plaintiff was instructed to pay a certain sum of money per 100 kilograms of soda upon delivery to it by the defendant of shipping documents covering the shipment to a foreign country, but that on the delivery of the documents the plaintiff by mistake paid a greater sum per 100 kilograms and has duly demanded repayment of the excess, but that no part of same has been repaid, does not state a cause of action for money had and received, and should be dismissed on defendant's motion for judgment on the pleadings.

APPEAL by the defendant, Partola Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of January, 1920, denying defendant's motion for judgment on the pleadings consisting of a complaint and answer.

*Sidney A. Clarkson* of counsel [*Albert A. Hovell* with him on the brief; *Hovell, McChesney & Clarkson,* attorneys], for the appellant.

*Charles A. Vilas* of counsel [*Shearman & Sterling,* attorneys], for the respondent.

LAUGHLIN, J.:

The pleadings consist of a complaint and an answer which puts in issue the material facts alleged.   The plaintiff alleges that on or about the 8th of May, 1917, it was instructed by V. Lo Faro & Company, of Genoa, Italy, to pay to the defendant for the account of said company, upon the delivery to it by defendant of shipping documents covering the shipment to Genoa of 100 tons of caustic soda, a sum equal to $26 for each 100 kilograms of the said soda, amounting in all to $26,608.67; that on or about May 23, 1917, defendant delivered the shipping documents to the plaintiff and the plaintiff " thereupon paid to the defendant by mistake " a sum equal to $30 for each 100 kilograms of said soda, amounting in all to $30,702.27; and that the plaintiff has duly demanded repayment of the sum of $4,093.67, " so paid under mistake," but that no part of the same has been repaid and judgment is demanded for that amount.   The learned counsel for the plaintiff attempts to sustain the complaint on the theory that it is for money had and received.   It is unnecessary to consider or to decide whether on a transaction such as is disclosed by the allegations of the complaint, a recovery could be had on the theory of money had and received by the defendant to the use of the plaintiff if the plaintiff had simply alleged that at the time and place specified the defendant received the amount in question to the use of the plaintiff, for the complaint shows what the transaction was which the plaintiff claims gives rise to its cause of action for the money as having been had and received to its use, and the transaction, as thus shown, does not support the conclusion that the money was had and received by the defendant to the use of the plaintiff.   The complain tmerely shows that the plaintiff paid more to the defendant for the shipping documents than it was authorized by the Italian

company to pay; but does not show that the Italian company was entitled to receive the shipping documents from the defendant on the payment of the amount which it alleges it was authorized to pay or that the defendant would have surrendered them on payment of that amount. It merely alleges a mistake on the part of the plaintiff in departing from the instructions of the Italian company, but does not allege mistake or fraud on the part of the defendant in receiving the money. The terms of the contract between the Italian company and the defendant are not alleged. It would be entirely consistent with the allegations of the complaint if the Italian company had agreed to pay the defendant for the shipping documents the amount which was actually paid, but changed its intention and contemplated offering through the plaintiff less than the amount it had agreed to pay. For aught that appears, defendant would not have surrendered the shipping documents without the payment of the amount which was paid; and no facts are alleged tending to show that the payment was made under duress or tending to support a right of recovery on that theory.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the defendant's motion for judgment on the pleadings dismissing the complaint granted, with ten dollars costs, but with leave to plaintiff to amend on payment of said costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of said costs.