FREY & SON, INCORPORATED, Appellant, *v.* E. R. SHERBURNE COMPANY and THE NATIONAL CITY BANK OF NEW YORK, Respondents.

First Department, November 12, 1920.

Bills and notes — letter of credit to secure payment for goods purchased — when buyer cannot enjoin negotiation and payment of drafts upon letter of credit — adequate remedy at law.

Where the terms of a contract of sale required the buyer, the plaintiff, to furnish an irrevocable letter of credit for the full amount of the invoice of the goods sold, which letter of credit was procured from one of the defendants, which therein agreed to honor all drafts issued by virtue thereof, the plaintiff having canceled a portion of the sale pursuant to an option contained in the contract is not entitled to maintain a suit in equity to enjoin

the seller, the other defendant, from drawing or negotiating drafts upon
said letter of credit and to enjoin the defendant which issued the same
from honoring or paying such drafts as have been drawn and which are
in the hands of third persons.

The defendant bank which issued the letter of credit being in no way con-
cerned with the provisions of the contract existing between the buyer and
seller upon which the cancellation was based may only be held liable for
the violation of the terms of its letter of credit.

Moreover, if the seller violated the contract of sale, the plaintiff's remedy
is an action at law for damages, and it has no right to come into a court
of equity to enjoin the payment of drafts drawn by the seller.

The interests of innocent parties who may hold such drafts upon the letter
of credit should not be made to suffer by reason of any rights which may
exist between the parties to the contract of sale.

APPEAL by the plaintiff, Frey & Son, Incorporated, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 22d day of October, 1920, denying plain-
tiff's motion for an injunction *pendente lite.*

*George E. Blackwell* of counsel [*Blackwell Bros.,* attorneys],
for the appellant.

*Godfrey Goldmark* of counsel [*Wilbur L. Ball* with him on the
brief]; *Rosenberg & Ball,* attorneys, for the respondent E. R.
Sherburne Company.

*Carl A. Mead* of counsel [*John A. Garver* with him on the
brief]; *Shearman & Sterling,* attorneys, for the respondent
National City Bank of New York.

GREENBAUM, J.:

This action is brought in equity by the plaintiff, a buyer of
Java sugar, permanently to enjoin the defendant Sherburne
Company, the seller, from drawing or negotiating drafts upon
a letter of credit issued by the National City Bank to the
Sherburne Company to secure the payment of the purchase
price of the sugar and permanently to enjoin the defendant
bank from honoring or paying any drafts which may have
been drawn and which now may be in the hands of third
parties.

The facts, so far as material on the appeal, are that the
plaintiff, a Maryland corporation, entered into a written

contract in New York with the defendant Sherburne Company, a Massachusetts corporation, under which the plaintiff bought from that defendant 350 tons of Java sugar, shipments to be made from the Island of Java by steamer or steamers to New York in five separate shipments. Payment for the sugar was to be made in cash in New York on presentation of a warehouse receipt or delivery order and the plaintiff was to furnish an irrevocable letter of credit for the full amount of the invoice. The contract also provided as follows: " Should any unforeseen circumstances such as accidents, stress of weather, etc., prevent the steamer or steamers hereafter declared against this contract from clearing within the time specified above, and the sellers or their agents be unable to supply other tonnage of equal character and capacity, the buyer has the option of cancelling such portion of this contract, as has not cleared within the time specified above or taking the sugar for later shipment without claiming damages and their decision is to be given immediately on advice from sellers that delay has occurred."

Carrying out the terms of the contract, the plaintiff procured a letter of credit from the defendant National City Bank, under which the bank authorized the Sherburne Company to draw on it, in the aggregate sum of $164,640, on sight drafts accompanied by delivery order or warehouse receipt, invoice and weigher's certificate covering 350 tons of sugar, shipment of which was to be made in the quantities and during the months as specified in the letter of credit which were the same specifications of the sugar as those appearing in the contract. The letter of credit contains the following provision: " We hereby agree with *bona fide* holders that all drafts issued by virtue of this credit and in accordance with the above stipulated terms, shall meet with due honor upon presentation at our Export Commercial Credit Department if drawn and negotiated not later than period indicated."

The provision in which reference is made to the plaintiff's right of cancellation which appears in the contract between the plaintiff and the defendant was not embodied in the letter of credit.

It is alleged that on August 28, 1920, the defendant Sherburne Company notified the plaintiff that the forty-five tons of sugar

referred to in the contract to be shipped in July had in fact been shipped on the steamer *Karimoen* and that the steamer was expected to arrive in the second week of September; that as matter of fact the steamer did not clear from Java in July but that it did clear about August fifteenth and that, therefore, the plaintiff elected to cancel the contract. Based upon the foregoing alleged facts, the complaint states that notwithstanding the exercise of said option by the plaintiff as aforesaid the defendant Sherburne Company threatens to negotiate or present for payment a sight draft upon the defendant bank for the purchase price of the said forty-five tons and the defendant National City Bank threatens to pay such draft if so presented or negotiated. It is also alleged that the defendant Sherburne Company refused to notify plaintiff Frey as to the names of the vessels for the next shipments for one hundred tons for July or August and that the defendant National City Bank acknowledged the right of the defendant Sherburne Company to negotiate or present for payment drafts for the purchase price of the remaining quantities of merchandise mentioned in the letter of credit to be delivered on the presentation of the documents required by that letter.

The contentions of the defendants are, *first*, that according to the complaint there existed two distinct contracts, one between plaintiff and the Sherburne Company, being the contract of purchase and sale, and the other between the National City Bank and the defendant Sherburne Company and the holders of drafts, drawn in reliance on the letter of credit under the terms of which the defendant bank agreed to pay drafts drawn in accordance with the letter of credit regardless of the terms of the contract between the plaintiff and the Sherburne Company as to the right to cancel the contract and which are not mentioned or referred to in the letter of credit; *second*, that the plaintiff has a full and adequate remedy at law; *third*, that no injunction may issue against the bank paying drafts in the hands of third parties, which were drawn in accordance with the terms of the letter of credit, regardless of any other terms embodied in the contract between plaintiff and defendant Sherburne Company; *fourth*, that as matter of fact there was no breach of the contract between the plaintiff and defendant which gave plaintiff the

right to cancel it. And, finally, that the contract did not require the Sherburne Company to make a declaration at any time as to the steamer upon which the various shipments were to be made.

From our view of the case it is not important to discuss the rights of the plaintiff under the contract with the defendant Sherburne Company. In the case before us the letter of credit was an irrevocable one.

In the recent case of *American Steel Co.* v. *Irving National Bank* (266 Fed. Rep. 41) the court held that a letter of credit was " a complete and independent contract."

In *Benecke* v. *Haebler* (38 App. Div. 344; affd., 166 N. Y. 631) the buyer had notified the banker who issued a letter of credit that the merchandise was not equal to sample. The court said: " I cannot see that the fact that the beans sent forward by Strauss were inferior in quality to those contracted for at all affects the question of the defendants' liability for moneys paid by the plaintiffs in discharge of an obligation assumed by them at the defendants' request. The kind or quality of the beans to be shipped by Strauss was not defined in the defendants' letter asking for a credit, and no duty devolved upon the plaintiffs to ascertain, before accepting, whether the goods shipped corresponded in quality with the goods ordered."

In *Matter of Agra and Masterman's Bank* (L. R. [1867] Ch. App. 391) it was held that holders in good faith of drafts upon a letter of credit were entitled to the absolute benefit of its terms and are not concerned with differences existing between the parties to the contract out of which the letter of credit was issued.

It is equally clear here that the bank issuing the letter of credit is in no way concerned with any contract existing between the buyer and seller. The bank may only be held liable in case of a violation of any of the terms of the letter of credit. It would thus follow that if the bank paid any drafts violative of the terms of the letter, the buyer would have recourse to the bank in an action for damages for the breach of its contract. Similarly, if the defendant Sherburne Company violated its contract with the plaintiff, the latter has a remedy in an action at law for damages against the defendant.

It is not alleged in the complaint that the National City Bank is in financial difficulties. Nor is it alleged that the Sherburne Company is not financially able to respond to damages. Our attention has been called to *Higgins* v. *Steinhardter* (106 Misc. Rep. 168). We are of opinion that the facts appearing in the opinion of that case did not warrant the granting of an injunction. Interests of innocent parties who may hold drafts upon the letter of credit should not be made to suffer by reason of rights that may exist between the parties to the contract of sale in reference to which the letter of credit was issued. It would be a calamity to the business world if for every breach of a contract between buyer and seller a party may come into a court of equity and enjoin payment on drafts drawn upon a letter of credit issued by a bank which owed no duty to the buyer in respect of the breach. The parties should be remitted upon their claims for damages to an action at law.

We think the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.