NATIONAL PARK BANK OF NEW YORK, Plaintiff, *v.* OLD
COLONY TRUST COMPANY, Defendant.

(Supreme Court, New York Special Term, January, 1921.)

Banks and banking — negotiable instruments — when temporary
injunction granted by court of sister state has no extra-terri-
torial effect.

> Defendant, a Massachusetts corporation, by a letter of credit
> issued by it agreed with the drawers and indorsers and *bona
> fide* holders of drafts drawn thereunder and in compliance
> therewith that such drafts would be duly honored upon due
> presentment if accompanied by the documents mentioned in the
> letter of credit. In an action upon a draft drawn under the
> letter of credit and delivered to plaintiff, a resident of the
> State of New York, for a valuable consideration, it was uncon-
> troverted that no part of plaintiff's duties in respect of any
> contractual relation arising from an assignment of the credit,
> assented to by defendant in writing, and negotiations of the
> draft, remained unperformed. *Held*, that an injunction *pen-
> dente lite* purporting to have been granted by the Superior
> Court of Massachusetts, restraining defendant from making
> payment under the credit had no extra-territorial force or
> effect in the courts of the State of New York, and was no
> defense to the action, it appearing affirmatively from the
> answer of defendant, that the plaintiff herein was not a party
> to that action, and plaintiff's motion for judgment on the
> pleadings, will be granted.
>
> The defense sought to be established gave no ground under
> the true rule of judicial comity warranting recognition in our
> courts, since the result would be to utterly defeat the acknowl-
> edged rights of the plaintiff and deny it its day in court, and
> be entirely contrary to the judicial decisions in this state, that
> a letter of credit is a complete and independent contract.

MOTION for judgment on the pleadings.

Louis F. Doyle, for plaintiff.

Breed, Abbott & Morgan (Eugene W. Leake, of
counsel), for defendant.

Supreme Court, January, 1921.     [Vol. 114.

McAVOY, J.   The plaintiff is a domestic banking corporation organized under the laws of the United States, and has its principal place of business in New York county, state of New York, and the defendant is a Massachusetts corporation having its principal place of business in Boston, commonwealth of Massachusetts. In May the defendant issued a letter of credit to one Eugen Boissevain & Co., Inc., of New York, whereby it authorized Boissevain & Co. to draw a sight draft not exceeding the aggregate amount of $221,200 on the National Bank of Commerce, New York, covering shipments of sugar.   The defendant agreed in the letter of credit " with the drawers and indorsers and *bona fide* holders of draft drawn under and in compliance with this letter of credit that the same shall be duly honored upon presentation at the office of National Bank of Commerce, in New York City, if accompanied by the documents that were therein mentioned."   Subsequently, the defendant assented in writing to the assignment of this credit to the plaintiff, the National Park Bank.   In October, 1920, a draft was drawn by Boissevain & Co. under this credit of $220,442.19 on the National Bank of Commerce, New York, payable to the plaintiff, and this draft was delivered to the plaintiff for a valuable consideration, plaintiff having all of the essentials of a *bona fide* holder of a draft as a negotiable instrument.   The draft conformed fully with the letter of credit, had attached all of the documents required by the letter of credit, and the documents fully conformed with the provisions of the credit.   The plaintiff, in parting with the considerations which it had paid for the draft, acted in reliance on defendant's promise contained in the letter of credit.   When the draft and documents were presented to the National Bank of Commerce, all due forms being observed, on October 27, 1920, and

later when presented to the defendant itself, the Old Colony Trust Company, of Boston, on October twenty-ninth last, the draft was not paid. It is uncontroverted that no part of the plaintiff's duties in respect of any of the contractual relations, which arise from the assignment of the credit and negotiations of the draft, remain unperformed. The alleged complete defense to the action is an injunction purporting to have been issued by the Superior Court of Massachusetts restraining the defendant from making payment under the credit. The precise language of the injunction of the Massachusetts court is that this defendant (Old Colony Trust Company) is enjoined and restrained " from accepting or otherwise recognizing the validity of any draft drawn under or pursuant to said letter of credit dated May 15, 1920, by Eugen Boissevain & Co., Inc., or by any other person, firm or corporation whatsoever, as assignee or holder thereof." This state of the pleadings gives plaintiff the right to judgment for the amount of the defaulted draft, unless the plea of the continuance in force of this injunction is a complete defense to plaintiff's action. There is no doubt that the injunction, of itself, as a mandate of a foreign court has no force or effect extraterritorially in the courts of this state under the full faith and credit clause of the Federal Constitution. It appears affirmatively from the answer that this plaintiff was not a party to the action in Massachusetts, and that the sole parties were one E. R. Sherburne & Company, plaintiff, the Old Colony Trust Company and Eugen Boissevain & Co., Inc., defendants. Even where effect is given to judgments and decrees of the courts of sister states, it is a basic principle that the court which gave the judgment or decree must have jurisdiction of the parties upon whose rights it is adjudicating or pretending to adjudge. The Massachusetts court never

obtained or had jurisdiction of either the plaintiff's person or its property, and had no power to adjudicate in respect to its rights under the draft and assignment of credit herein so as to bind the plaintiff by its adjudication. *Pennoyer* v. *Neff*, 95 U. S. 714; *Haddock* v. *Haddock*, 201 id. 562. The Federal Constitution's provision that full faith and credit shall be given in each state to judicial proceedings of other states is not a ground upon which the courts in which the judgment of the sister state may be presented may be precluded from inquiring into the jurisdiction of the court which renders the judgment over the subject matter of the suit or the parties affected by it, or into the facts necessary to give the original court jurisdiction. *Pennoyer* v. *Neff, supra.* Defendant recognizes that lack of jurisdiction of the Massachusetts court over the plaintiff here must inhibit a claim that the Massachusetts injunction should be recognized in New York on account of the full faith and credit clause of the National Constitution, and in addition is aware that since the injunction is a temporary one and may not be made final until after the trial in Massachusetts it is not such a judgment as would, in any event, be recognized by the courts of this state, because it is not a definitive judgment on the merits. The rule is of common knowledge that the definitive judgment of a court of another state between the same parties on the same cause of action on the merits of the case is conclusive, but it must be a definitive judgment on the merits only. Where the judgment is merely interlocutory the determination of the question by the court which rendered it did not settle and adjudge finally the rights of the parties. It is based upon a special application pending the suit which by our practice might, on leave had, be renewed on new state of facts presented. *Walsh* v. *Durkin*, 12 Johns. 99. It seems

Misc.]            Supreme Court, January, 1921.

to be anomalous to give a decision upon an interlocutory motion or application in another state as full a degree of faith and credit, or to regard the same as possessing equal dignity of conclusiveness, as would be given to a final adjudication between the parties over all of whom the court had full jurisdiction in a decision of the main controversy between them in this state. The principle that the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect, commonly called judicial comity, is not transgressed by ruling adversely to the claim here made. The rule of comity is based on the theory that a court which first asserted jurisdiction will not be interfered with in the continuance of its assertion by another court of foreign jurisdiction until it is convenient and desirable that the one give way to the other. *Mast, Foos & Co.* v. *Stover,* 177 U. S. 485. Comity is not a rule of law, but one of practice, convenience and expediency. It is something more than mere courtesy, and implies only deference to the opinions of others, since it is of substantial value in securing uniformity of decision and discouraging repeated litigation of the same question. Its obligation, however, is not imperative. If this were so, the indiscreet action of one court might become a precedent made more weighty by each successive adjudication, until the whole country was tied down to an unsound principle. Comity persuades, but it does not command. It demands that no one should abdicate his individual judgment, but only that deference shall be paid to the judgment of other coordinate tribunals (words taken from the text case, *supra*). The defense here sought to be established, as appears from the plea respecting the action of the Massachusetts court, gives no ground under the true rule of comity warranting recognition

in our courts, since the result will be to utterly defeat the acknowledged rights of the plaintiff, a resident of this state, and deny the plaintiff its day in court, and be entirely contrary to rulings in this state holding that a letter of credit is a complete and independent contract. *Frey & Son, Inc., v. Sherburne Co.,* 193 App. Div. 849. Nothing is shown which would indicate any privity of contract between the plaintiff here and the Sherburne Company, which is plaintiff in the Massachusetts action, and no indication is given of any valid ground upon which the defendant may be restrained at the instance of the Sherburne Company from paying its obligation to the plaintiff. Whatever rights Sherburne & Company may have in the premises must be founded upon the contract made for the sugar, or under some other contract, for there was nowhere in the letter of credit any indication that they are concerned with that document. No prejudice accrues to them if the defendant pays under the letter of credit. They have a complete and adequate remedy at law to recover damages sustained by any breach of the contract of sale, and against the bank which issued the letter of credit for violation of any requirement of the credit. *Frey & Son, Inc., v. Sherburne Co., supra.* Motion for judgment on the pleadings is granted.

Motion granted.