JAMES IMBRIE and Others, as Copartners, etc., Respondents, v. D. NAGASE & Co., LTD., Appellant.   (Action No. 2.)

Second Department, April 15, 1921.

**Sales — payment by bank of drafts of seller drawn against irrevocable letter of credit — action cannot be maintained by assignee of bank against seller to recover amount represented by goods rejected or not delivered — remedy of bank — demurrer to counterclaims and defenses will be overruled where complaint insufficient.**

An action is not maintainable against the seller of goods by the assignee of a bank which paid drafts drawn by the seller against an irrevocable letter of credit, to recover the amount represented by goods rejected or not delivered, on the theory that the drafts were not drawn in compliance with the letter of credit in that the bill of lading which accompanied the drafts did not represent goods of the invoice cost to the seller of the amount of the draft nor goods contracted for by the buyer, for a bank issuing a letter of credit is in no way concerned with any contract existing between the buyer and seller or disputes arising between them.

*It seems*, that if the buyer rejected the goods the remedy of the bank was to sell the goods, the title to which it held under an agreement between it and the defendant, and if insufficient was realized thereon to cover its advances, it had recourse to the buyer for the difference.

Demurrer to counterclaims and defenses searches the entire record, requires prior consideration of the sufficiency of the complaint, and will be overruled where the complaint does not state a cause of action.

APPEAL by the defendant, D. Nagase & Co., Ltd., from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of October, 1920, sustaining a demurrer to the third and fourth partial defenses, and to the first and second counterclaims, and dismissing the counterclaims.

*Frederick Seymour* [*Edward K. Sumerwell* with him on the brief], for the appellant.

*Mark Hyman* [*Allan R. Campbell* with him on the brief], for the respondents.

RICH, J.:

Four causes of action are alleged in the complaint. The first is to recover the proceeds of a draft for $41,625 accepted

and paid by plaintiffs' assignor, the National Bank of South Africa, Ltd., for which it is alleged the bank has received no consideration. The second is to recover $5,660.59, a portion of a draft for $59,250, accepted and paid by it, for which it is alleged no consideration was received except $53,589.41. The third alleges a contract between defendant and Rothwell & Co., whereby defendant was to sell to the latter 3,000 cases, seventy-five pounds net landed weight each, Oriental peanut oil, containing a maximum of four and one-half per cent free fatty acid, at eighteen and one-half cents per pound, shipment to be made from the Orient to Seattle, Wash., during June, July and August, 1919; that payment was to be by draft accepted by a bank payable sixty days after sight upon the delivery to such bank of the bill of lading vesting it with the title to the goods shipped under the contract; that the bank at Rothwell & Co's. request issued a letter of credit, whereby it agreed to accept at sixty days sight drafts of defendant to an aggregate amount of $41,625 on certain conditions, therein set forth, among which was that drafts drawn against the credit should have attached thereto bills of lading indorsed in blank representing a shipment of which the invoice cost to Rothwell & Co. should be the face amount of the draft. It is also alleged that it was agreed between the bank and defendant that on accepting such draft, the bank should be vested with title to the goods at such invoice cost under the contract; that defendant drew the draft for $41,625, which the bank accepted and paid in consideration of the delivery to it of the bill of lading attached to the draft; that the bank thereafter discovered that the draft was not drawn in compliance with the terms of the letter of credit, in that the bill of lading which accompanied it did not represent goods of the invoice cost to Rothwell & Co. of the amount of the draft, nor goods contracted for, but the cases of oil represented by the bill of lading contained free fatty acid in excess of the required percentage and was not a good delivery thereunder, and that the goods were rejected and the defendant accepted the return of them and agreed to be charged with the amount of the draft. The fourth alleges another and similar contract between Rothwell & Co. and defendant, whereby the latter agreed to sell 4,000 cases,

seventy-five pounds each, or a total of 300,000 pounds net landed weight of Oriental peanut oil, at nineteen and three-quarters cents per pound. Another letter of credit was issued by the bank at the request of Rothwell & Co., by which it agreed to accept defendant's drafts for an aggregate amount of $59,250 on the same conditions as were contained in the first letter of credit; that defendant drew a draft for this amount which was accepted and paid by the bank, but the bill of lading accompanying the same did not represent goods of the invoice cost to Rothwell & Co. of the amount of the draft in that the amount of the shipment was short in weight, so that the amount represented by such shipment was but of the value of $53,589.41, whereas the draft was for $5,660.59 in excess of the invoice cost of the oil. Although the balance of oil was demanded, defendant failed to deliver.

As partial defenses, defendant alleges a breach of contract by Rothwell & Co. with it, whereby it was damaged in the sum of $20,000, and a failure by Rothwell & Co. to pay for a shipment of copra at the agreed price of $18,552.67, which sums it has applied in liquidation and payment of said claims. Defendant also alleges these transactions as counterclaims. Plaintiffs' demurrer to these defenses and counterclaims has been sustained. Appellant contends: 1. Plaintiffs' demurrer searches the entire record and it requires prior consideration of the sufficiency of the complaint. 2. Neither the first nor second cause of action states facts sufficient to constitute a cause of action for money had and received. (*Miller* v. *Schloss,* 218 N. Y. 400.) 3. Neither the third nor fourth cause of action states facts sufficient to constitute a cause of action. 4. Plaintiffs' fourth cause of action is insufficient, because the bank's acceptance of the draft was after it had examined and weighed the oil and knew the shortage. 5. The demurrer attacks the partial defenses and counterclaims upon the sole ground that the plaintiffs are not asserting the rights of Rothwell, but are only asserting the rights of the bank under the letter of credit, and, therefore, defendant's rights against Rothwell may not be pleaded in this action. 6. Plaintiffs err as to the legal effect of the bank's alleged title to the goods represented by the bill of lading.

It is argued that the action for money had and received,

although at law, has its foundation in equitable principles, and always arises out of implied contracts, which are of two kinds, one where from the conduct of the parties there is implied a promise from one to the other, based upon the actual intent of the parties, the other consisting of contracts implied in law, where none in fact exist, *quasi* or constructive contracts. It is also urged that an implied contract of the first class cannot arise in the instant case, for it is definitely shown that such a contract would be contrary to the intent of the parties. In order to sustain an action of the second class, it is contended the money sought to be recovered *must* have been obtained from another through the medium of oppression, imposition, extortion or deceit, or by the commission of a trespass. This line of reasoning is sought to be sustained on the authority of *Miller* v. *Schloss* (*supra*) and *National City Bank* v. *Partola Manufacturing Co.* (191 App. Div. 424).

The letter of credit in the instant case was irrevocable. It contained the same provisions as the one under consideration in *Frey & Son, Inc.,* v. *Sherburne Co.* (193 App. Div. 849, 853), and if the bank had refused to pay the drafts it could have been compelled so to do. Similarly, the buyer, Rothwell & Co., could not have maintained a proceeding to restrain the bank from paying the drafts. If the buyer rejected the goods, it seems to me the bank's remedy was to sell the goods, and if an insufficient amount was realized thereon to cover its advances, it had recourse to Rothwell & Co. for the difference. (*Benecke* v. *Haebler*, 38 App. Div. 344; affd., 166 N. Y. 631.)

Having in the instant case, however, paid the drafts, and, as it claims, parted with its security, is it or its indemnitor entitled to maintain an action against the seller to recover the proceeds of the drafts? I think not. A bank issuing a letter of credit is in no way concerned with any contract existing between the buyer and seller. (*Frey & Son, Inc.,* v. *Sherburne Co., supra.*) Disputes between buyer and seller are likewise no concern of it.

The bank's assignee is the indemnitor under the letter of credit. The bank has been fully repaid by the indemnitor for its advances, and it would seem that if the plaintiff has any remedy it would be against Rothwell & Co., but we are

not called upon to decide this question now. We have only to consider the propriety of the order appealed from. If plaintiffs are entitled to maintain the action against defendant, based upon the defendant's agreement with Rothwell & Co., defendant's claims against Rothwell & Co. may be properly set up by way of counterclaim.

The order must, therefore, be reversed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements.