CARIBBEAN CRUISE LINES, INC.,
Plaintiff,

v.

SWISS CREDIT BANK, NEW YORK
AGENCY, and Swiss Credit Bank,
Defendants.

United States District Court
S. D. New York.

Feb. 10, 1959.

Zock, Petrie, Sheneman & Reid, New York City, James D. Hanlon, New York City, of counsel, for plaintiff.

Milbank, Tweed, Hope & Hadley, New York City, William E. Jackson, George H. Bailey, New York City, of counsel, for defendants.

DAWSON, District Judge.

This is a motion by defendants for an order, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., dismissing the complaint for failure to state a claim upon which relief can be granted, or, in the alternative, for an order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting defendants a summary judgment in their favor on the ground that there is no genuine issue as to any material fact. The basic action which defendants are seeking to have dismissed is one wherein plaintiff seeks to restrain and permanently enjoin defendants from paying over to Arosa Lines, Inc., certain sums of money, or in the alternative, that the defendants be enjoined from making demand on the International Bank of Washington, D. C., for payment or transfer of certain sums of money.

The motion to dismiss the complaint must be determined from the face of the complaint and on the determination of this motion the allegations of the complaint must be assumed to be true. The complaint, on its face, constitutes a cause of action. Stripped of excess verbiage it alleges in substance that plaintiff deposited $150,000 with the International Bank, Washington, D. C.; that the *defendants* entered into negotiations whereby this sum was to be made available to a Panamanian corporation, Arosa Lines, Inc.; and that International Bank intends to transfer the sum of $150,000 to Swiss Credit Bank, New York Agency, which will pay it to or for the account of Arosa Lines, Inc. In effect the complaint alleges that plaintiff's deposit will be used by the defendants in a manner not authorized by plaintiff, which may state a cause of action. The motion to dismiss the complaint is therefore denied.

Insofar as the motion seeks summary judgment it does not meeet the requirements of Rule 56 of the Rules of Civil Procedure. Defendants seem to imply that the issue in the case involves rights and obligations founded upon issuance and payment of drafts drawn on letters of credit. The law is well established that "a bank issuing a letter of credit is in no way concerned with any contract existing between the buyer and seller." Imbrie v. D. Nagase & Co., 2d Dep't 1921, 196 App.Div. 380, 383, 187 N.Y.S. 692, 695.

However, the motion papers on the motion for summary judgment do not show any factual evidence that the plaintiff authorized the issuance of the drafts or of the letters of credit. What the complaint seeks to do is to prevent plaintiff's credit in the International Bank from being used to meet these letters of credit. Unless the plaintiff authorized the drawing of the drafts or the letters

of credit, it would seem that plaintiff might be entitled to such relief. If it did authorize the drawing of the drafts and the letters of credit, then such factual evidence should have been submitted. Rule 56(e) of the Rules of Civil Procedure sets out the type of papers which should be submitted on a motion for summary judgment. The papers submitted by the defendants do not comply with these requirements. The motion for summary judgment is denied. So ordered.