JUPITER ORRINGTON CORPORATION, Plaintiff-Appellee, *v.* THOMAS R. ZWEIFEL, Representative of the Estate of Earl T. Zweifel, *et al.,* Defendants-Appellants (The First National Bank of Chicago, Defendant).

First District (5th Division)    No. 83—2562

Opinion filed June 22, 1984.

Herbert B. Olfson, Robert C. Keck, Jr., and Sidney I. Schenkier, all of Chicago (Jenner & Block, of counsel), for appellants.

Ronald Barliant, Barry A. Miller, and Lawrence M. Knowles, all of Miller, Shakman, Nathan & Hamilton, of Chicago, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants, Thomas R. Zweifel, as administrator of the estate of Earl T. Zweifel, and Peoria Motors, Inc., appeal from an order of the circuit court of Cook County granting a preliminary injunction which enjoined them from presenting a $2,685,000 letter of credit to the First National Bank of Chicago (the bank) and enjoined the bank from honoring any attempt to draw on the letter of credit. The sole issue presented for review is whether the circuit court abused its discretion in issuing the preliminary injunction. We reverse and remand.

Plaintiff delivered to Earl T. Zweifel and Peoria Motors, Inc., a note in the amount of $2,685,000 in connection with the purchase of the Orrington Hotel in Evanston, Illinois. The note provided that plaintiff's obligation "shall at all times be secured by an irrevocable standby letter of credit in the amount of the principal balance hereon from an institution satisfactory to [defendants] in a form satisfactory to [defendants]." The note further provided that "[s]hould said letter of credit at any time have a termination date of earlier than November 15, 1992, it shall be a default hereunder if [plaintiff] shall not, on or prior to the fortieth day preceding the termination date of said letter of credit, provide to [defendants] a new letter of credit meeting the requirements hereof." In brief, the evidence introduced by the parties indicated that a renewal letter of credit was not provided within 40 days of the expiration date of the original letter of credit and that defendants indicated their intent to present the letter of credit to the bank for payments. Plaintiff brought this action seeking

to enjoin defendants from presenting the letter of credit to the bank and to enjoin the bank from honoring it if presented.

At the hearing on the motion for preliminary injunction, various witnesses testified concerning the tender of an amended letter of credit to Zweifel and whether the amendment was accepted. The parties also introduced evidence concerning the extension of a 10-day cure period, and discussions between bank personnel and representatives of defendants.

The trial court heard arguments concerning various contract defenses, including waiver and estoppel, and entered an order granting a preliminary injunction finding that: plaintiff had a protectable right; plaintiff. would suffer specified irreparable injuries; plaintiff had no adequate remedy at law; and the equities favored plaintiff. This appeal followed.

OPINION

Defendants contend that the circuit court erred in entering the preliminary injunction in the absence of evidence indicating fraud in the transaction or a likelihood that presentment would fail to conform to the terms of the letter of credit. Plaintiff addresses these arguments on their merits but also raises the threshold issue of whether general contract law or the rules applicable to letter of credit transactions should govern the disposition of this case.

The instant case is distinguishable from the typical posture of letter of credit transactions which have reached the reviewing courts of this State in that the beneficiary of the letter of credit, rather than the issuer of the credit, is the party who has been enjoined.[1] (Compare, *e.g., Pastor v. National Republic Bank* (1979), 76 Ill. 2d 139, 390 N.E.2d 894; *First Arlington National Bank v. Stathis* (1983), 115 Ill. App. 3d 403, 450 N.E.2d 833; *Professional Modular Surface, Inc. v. Uniroyal, Inc.* (1982), 108 Ill. App. 3d 1046, 440 N.E.2d 177; *Stringer Construction Co. v. American Insurance Co.* (1981), 102 Ill. App. 3d 919, 430 N.E.2d 1; and *First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 413 N.E.2d 1288, with *Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.* (1976), 44 Ill. App. 3d 220, 357 N.E.2d 1307.) Plaintiff argues, based on that fact, that traditional contract law should govern this case. More spe-

---

[1]The bank as issuer of the credit in this case was also enjoined; plaintiff argues that this injunction was merely ancillary to the primary injunction against defendants and was necessary to protect the jurisdiction of the court in the event that defendants presented the credit in violation of the injunction. We will accept this contention solely for purposes of argument.

cifically, plaintiff argues that because defendants have not yet presented the credit and demanded payment, the instant dispute implicates only the underlying contract and not the independent contract (represented by the letter of credit) which secures performance of the primary contract.

■■ ■ Analysis of this contention would be aided at this point by a brief review of the basic structure of a typical letter of credit transaction.

> "Three separate agreements are involved in the issuance of a letter of credit by the bank for the benefit of a beneficiary. [Citation.] The first is the contract between the beneficiary *** and the customer ***, which is the agreement underlying the letter of credit. Under the second contract, the customer procures a letter of credit, often from a bank, in return for consideration or collateral. The third agreement consists of the bank's agreement to pay the beneficiary the amount of the letter of credit, if the beneficiary complies with the terms of the credit." (*Baker v. National Boulevard Bank* (N.D. Ill. 1975), 399 F. Supp. 1021, 1024.)

The type of letter of credit which is at issue in the case *sub judice* is a standby letter of credit. The typical standby letter of credit obligates the issuer to pay the beneficiary upon presentation of documents specified in the credit which indicate that a default has occurred. (*First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 807, 413 N.E.2d 1288.) The general rule is that if the documents presented conform to the requirements of the credit, the issuer is not permitted to refer to the underlying contract between its customer and the beneficiary of the credit to determine whether to honor the demand for payment. (*First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 808, 413 N.E.2d 1288.) This rule is known as the independence principle and requires the issuer of the credit to pay the beneficiary even where the beneficiary nonfraudulently breached the underlying contract. (*First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 413 N.E.2d 1288.) With these principles in mind, we now turn to an analysis of plaintiff's contention.

Plaintiff argues that because the credit has not yet been presented to the bank (the issuer), the bank has no duty to pay, and the dispute concerns only defendants' right to make a demand. Thus, argues plaintiff, the instant suit turns on the construction of the underlying contract and principles of contract law therefore govern the case. Defendants respond that plaintiff has not sought a declaration of rights under the contract or an injunction against prospective breach

thereof, but only injunctions concerning the letter of credit itself and that this argument has in effect been waived.

■ We do not believe that plaintiff waived this contention in the trial court; on the contrary, plaintiff's entire trial presentation was predicated on this theory. Moreover, an appellee may assert any argument supporting affirmance if the necessary factual basis for the determination of the point appears of record. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) Testimony sufficient to establish a factual basis for decision of this issue was introduced in the trial court, and we accordingly consider this question on its merits.

■ Defendants argue that, as a matter of policy, letter of credit principles must govern this case. We agree. We observe initially that to permit an injunction to issue against presentment of a letter of credit when such an injunction would not be proper against its payment by the issuer (see generally *Stringer Construction Co. v. American Insurance Co.* (1981), 102 Ill. App. 3d 919, 925, 430 N.E.2d 1), would be tantamount to allowing a party to accomplish indirectly that which he is forbidden to do directly. Under section 5—114(2)(b) of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 5—114(2)(b)), as interpreted by the courts of this State, an injunction against honor is limited to situations where the wrongdoing of the beneficiary has so vitiated the entire transaction that the independence principle no longer serves its purposes. *Stringer Construction Co. v. American Insurance Co.* (1981), 102 Ill. App. 3d 919, 430 N.E.2d 1.

■ This rule is based on the rationale that a letter of credit once issued should remain viable in the commercial world. (See *Stringer Construction Co. v. American Insurance Co.* (1981), 102 Ill. App. 3d 919, 925, 430 N.E.2d 1, citing the specially. concurring opinion in *Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.* (1976), 44 Ill. App. 3d 220, 237, 357 N.E.2d 1307 (Jiganti, J., specially concurring).) As a New York court of appeals has stated:

> "It would be a calamity to the business world engaged in transactions of the kind mentioned in this complaint, if for every breach of a contract between buyer and seller a party may come into a court of equity and enjoin payment on drafts drawn upon a letter of credit issued by a bank." (*Frey & Son, Inc. v. E. R. Sherburne Co.* (1920), 193 App. Div. 849, 854, 184 N.Y.S. 661, 664.)

We conclude therefore that an injunction against presentment of a letter of credit must be based on fraud by the beneficiary of the credit

which so vitiates the entire transaction that the legitimate purposes of the independence of the issuer's obligation would no longer be served. See *First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 810-11, 413 N.E.2d 1288.

■ Plaintiff contends that any attempt by defendants to demand payment of the credit would be "wrongful and fraudulent" in that any certification of default would be false. Plaintiff adds in specific support of this argument that any technical default which may have occurred was cured and that defendants waived any right they may have had to claim a default under the note. These arguments, however, pertain to *performance* of the underlying contract; the fraud required to support an injunction must be fraud relating to the *formation* of the underlying contract. (*First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 810-11, 413 N.E.2d 1288.) Fraudulently calling a letter of credit is insufficient to support injunctive relief. (*First Arlington National Bank v. Stathis* (1980), 90 Ill. App. 3d 802, 413 N.E.2d 1288.) Accordingly, the injunction was improperly issued.

Plaintiff also argues that if defendants are allowed to declare a default and draw on the letter of credit, a forfeiture will occur. Plaintiff, however, as the procurer of the letter of credit, must bear the risk of loss created by its issuance. (See Ill. Ann. Stat., ch. 26, par. 5—114, Uniform Commercial Code Comment, at 601 (Smith-Hurd 1963); also see *Edgewater Construction Co. v. Percy Wilson Mortgage & Finance Corp.* (1976), 44 Ill. App. 3d 220, 237, 357 N.E.2d 1307 (Jiganti, J., specially concurring).) Any dispute concerning allegations of defendants' breach of contract or the bank's breach of duty must be resolved by other litigation.

For the foregoing reasons, the order of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LORENZ and SULLIVAN,* JJ., concur.

---

*Justice Wilson participated at oral argument. Following his demise, Justice Sullivan has substituted, listened to the tape of the oral argument, and reviewed the record and briefs.